IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-21-326-F |
| ) | |
| RODOLFO QUINTERO, ) | |
| a/k/a Rodolfo Enrique Quintero ) | |
| Mendaza, ) | |
| Defendant. ) | |

# ORDER

Defendant Rodolfo Quintera, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A) to the United States Sentencing Guidelines.[1]  Doc. no. 68.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 71.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to two counts of the Indictment charging him with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 5) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 7).  The Probation Office prepared a final presentence investigation report (doc. no. 52), which calculated defendant's base offense level for Count 5 at 36.  Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(1) because the offense involved the possession of firearms and a two-level enhancement under U.S.S.G. §2D1.1(b)(12)

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

because he maintained premises for the purpose of manufacturing or distributing a controlled substance, resulting in an adjusted offense level of 40. For Count 7, the Probation Office calculated a base offense level of 20. Defendant received a four-level enhancement for possession of firearms in connection with another felony offense, specifically drug trafficking, resulting in an adjusted offense level of 24.

Pursuant to U.S.S.G. § 3D1.2(c), Counts 5 and 7 were grouped because they each embody conduct that is treated as a specific offense characteristic in the guideline for the other guideline, resulting in an adjusted offense level of 40. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 37.

Based on his criminal history, defendant was assessed a criminal history score of seven. Because defendant committed his offense while under a criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d), for a total criminal history score of nine. A criminal history score of nine established a criminal history category of IV. With a total offense level of 37 and a criminal history category of IV, defendant's advisory guideline imprisonment range was 292 months to 365 months.

The court adopted the final presentence investigation report without change. The court then varied downward and sentenced defendant to a term of imprisonment of 90 months as to Count 5 and 90 months as to Count 7, the terms to run concurrently to one another. Judgment was entered on March 22, 2023. Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Amendment 821 (Part A), which became effective November 1, 2023 and has retroactive application, because he was assessed two additional criminal history

points (status points) for committing his offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 69), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A, defendant's status points would be decreased by one, resulting in defendant having a total criminal history score of

eight.  With a total criminal history score of eight, defendant's criminal history category would remain at IV, with the same guideline imprisonment range.

Because a reduction of status points does not result in a different guideline imprisonment range, defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  *See*, U.S.S.G. § 1B1.10(a)(2)(B); *see also*, Dillon v. United States, 560 U.S. 817, 827 (2010) (Section 3582(c)(2) "requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.").  Therefore, defendant's motion will be dismissed.

Accordingly, defendant Roldofo Quintero's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 68) is **DISMISSED**.

IT IS SO ORDERED this 27th day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0326p009.docx